IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 10-04037 MCF |
| JOSE PEREZ VALENTIN | CHAPTER 7 |
| DEBTOR | |
| NOREEN WISCOVITCH RENTAS | ADV. PROC. 13-00057 MCF |
| TRUSTEE – PLAINTIFF | |
| VS. | EVICTION FROM PROPERTY OF THE ESTATE |
| LUZ MARIA PEREZ VELAZQUEZ | |
| DEFENDANT | |

**MOTION IN COMPLIANCE WITH ORDER AT DKT #143**

TO THE HONORABLE MILDRED CABAN FLORES,
UNITED STATES CHIEF BANKRUPTCY JUDGE:

COMES NOW Chapter 7 Trustee, Noreen Wiscovitch Rentas, ("Trustee"), thru the undersigned legal representation and before this Honorable Court respectfully requests and prays:

1. At hearing held on June 5, 2019 this Honorable Court entered order granting Trustee 90 days to conclude discovery regarding claims 2-1 and 5-1 and file memorandums of law as to: (a) the bankruptcy court's authority to evict; (b) the homestead the co-owner of the property may claim, either pursuant to divorce judgment or under Law No. 195 of 2011; (c) in what capacity the Trustee is stepping into the shoes of creditors in liquidating the San Sebastian property of the estate.

2. In compliance with order of this Court Trustee hereby addresses each of the issues raised by the Court at hearing held on June 5, 2019:

1

a) **Are claims 2-1 and 5-1 marital debts?:** Trustee hereby proposes that said issue is moot. In order to reduce expenses to the estate and because the Debtor has amended the exemption claimed over the real property at docket #146, trustee hereby proposes the following amended distribution to defendant, Luz María Perez Velázquez, from proceeds of the sale. This proposed distribution eliminates defendant's liability over claims nos. 2-1 and 5-1:

| | | |
|---|---|---|
| Sales Price: | | $75,000.00 |

Debts of the extinct conjugal partnership between Debtor & Co-Owner:

| | | | |
|---|---|---|---|
| a) | Mortgage Lien in favor of Banco Popular[1] **Exhibit 1** | $13,381.82 | |
| b) | Payment of statutory lien in favor CRIM **Exhibit 2** | $3,801.62 | |

| | |
|---|---|
| Total liabilities of conjugal partnership: | $17,183.44 |
| Net proceeds of sale : | $57,816.56 |
| **50% of net proceeds to Defendant, Luz M. Perez Velazquez:** | **$28,908.28** |
| **50% of net proceeds to the estate of Debtor:** | **$28,908.28** |

The only deductions made from sales proceeds are the liens encumbering the real property. All expenses of sale will be paid by Buyer, including notary fees, notarial expenses and real estate broker fees. Property taxes and mortgage pay-off continue to increase, decreasing the benefit to bankruptcy estate and to defendant.

b) **The bankruptcy court's authority to evict**: Pursuant to 28 U.S.C. §157(b)(1), bankruptcy judges are vested with authority to enter appropriate orders and judgments in "all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11".

---

[1] Real property is encumbered by first mortgage lien in favor of Banco Popular de Puerto Rico (BPPR) previously Westernbank Puerto Rico. Pay-off provided by BPPR as of June 30, 2019 shows a balance of $13,288.33 with a per diem of $1.0162175 at a 6.00% interest rate. Calculation of pay-off stated in this motion as $13,381.82 includes per diem up to September 30, 2019. See **Exhibit 1**.

Core proceedings include matters concerning the administration of the estate; orders to turn over property of the estate; and other proceedings affecting the liquidation of the assets of the estate. See 28 U.S.C. §157(b)(2)(A), (E), (O).

Bankruptcy Courts are empowered to enter such orders, as may be appropriate for the administration of bankruptcy cases and proceedings. The judicial power under a bankruptcy statute that authorizes the court to enter the "necessary or appropriate" orders is part of the scope of relief that a court may order in a cause of action over which it has jurisdiction. In re Combustion Eng'g, Inc., 391 F.3d 190 at 224 (3rd Cir. 2004).

"28 U.S.C. §157 supplied the Bankruptcy Court with the power to issue final orders, including an order for eviction." Jensen-Carter v. Hedback (In re Stephens), 28 U.S. Dist. LEXIS 72916, U.S.D.C. Minn (2012) citing In re Searles, 70 B.R. 266, 272-73 (D.R.I. 1987), stating that "persuasive authority also exists to support the proposition that a Bankruptcy Court may order an eviction" because the order was necessary to give effect to earlier orders.

There is no controversy as to the fact that the real property object of this adversary proceeding located at No. 25, Justina Hernández St., San Sebastian, Puerto Rico, is property of the bankruptcy estate under the administration of the trustee. The sale of the property has been approved by this Court since September 2012, when judgment by default was entered in favor of trustee in adversary proceeding 11-0190 MCF. The trustee is requesting to obtain possession of estate property from co-owner, debtor's ex-spouse, in order make valid the judgment granting the sale.

Pursuant to 11 U.S.C. §541(a)(2) the bankruptcy estate comprises "all interests of the debtor and the debtor's spouse in community property as of the commencement of the case[…]". Thus, the trustee administrates not only debtor's interest in the property, but also the interest of

3

debtor's spouse, in this case defendant.  Note that the term "spouse" used in section 541(a)(2) "includes a former spouse when the ex-spouses have not partitioned the property of their former conjugal community, even if the conjugal community was terminated prepetition." See Vélez v. Pérez León, 2013 Bankr. LEXIS 3859 at pgs.9-10, (Bank. PR 2013).

The turnover requested in this adversary proceeding is consistent with 11 U.S.C. §542(a) which requires a possessor with control of property of the estate to turn it over to the trustee.  If possession is not obtained by trustee the sale cannot occur, causing harm to all parties as secured creditors' (BPPR and CRIM) interests continue to increase, thus depleting any equity for the benefit of the parties in this case.  The sale of the real property was further authorized by this Court as per order entered on August 13, 2015.  See main case at docket # 65, 75 and 79.  The order for eviction in a request within the jurisdiction of this Court in order to enforce the order for sale entered four (4) years ago.   The eviction is an order to be issued by this Court in order to enforce the order authorizing the sale of the property which requires trustee to surrender the real property to the Buyer at the time of the signing of the deed of sale.

c)    **The homestead the co-owner of the property may claim either pursuant to the divorce judgment or under Law No. 195 of 2011**:    Defendant has no homestead claim over the real property object of this adversary proceeding.

Section 1853 of the Puerto Rico Civil Code, 31 P.R.L.A. §1853, provides that "in case of divorce the court will provide the claim to homestead as required in equity" (in the Spanish language: "en caso de divorcio el tribunal que lo concede deberá disponer del hogar seguro según la equidad del caso."). The divorce decree entered by the Superior State Court of Aguadilla on March 27, 2003 states that the real property would serve as homestead for the minor children procreated during the marriage between debtor and defendant (in the Spanish language "La

4

residencia y solar ganancial localizada en la Comunidad González, Calle Justina Hernandez #25 de San Sebastián, Puerto Rico quedará como hogar seguro para los hijos menores habidos en el matrimonio."). The divorce judgment also states the dates of birth of each of the children and there is no controversy as to the fact that they are no longer minors. Hence, defendant has no claim to homestead over the real property pursuant to 31 P.R.L.A. §1851 as she is no longer the "jefe de familia" with the custody of minor children entitled to the homestead. See Masa v. Registrador, 30 D.P.R. 92 (1922) and Delgado v. Registrador, 51 D.P.R. 163 (1937). See divorce decree included herein as **Exhibit 3**.

Moreover, no claim to homestead exists under Law No. 95 of 2011 as the instant case was filed on May 13, 2010, before the enactment of Law No. 95. Exemptions are determined as of the time of the filing of the case. Law 195 of September 19, 2011, as amended by Law 64 of 2018[2], known in the Spanish language as "Ley de Derecho a la Protección del Hogar Principal y el Hogar Familiar", requires the owners of the real property to appear before a notary public and sign a deed establishing the real property as their homestead. Law 195 requires for both title holders to sign the deed, condition which has not occurred in this case. Therefore, no claim to exemption pursuant to Law 195 exists in favor of defendant.

In opinion and order entered on January 25, 2013, in the case of <u>In Re: Viviana Perez Hernandez</u>, the Court found that the local homestead exemption applies to bankruptcy cases only if Debtor has complied with its requirements prior to filing for relief. Among the prepetition requirements for claiming the right to homestead pursuant to local law is the authorizing of a deed establishing homestead from thereon and its presentation at the Registry of Property.

---

[2] Law 195 of September 19, 2011 was amended by Law 64 of 2018 to allow the surviving spouse to claim homestead over his or her principal residence without the need of the appearance of the heirs in the deed signed before Notary Public.

Debtor's claim of exemption over the real property was made pursuant to 11 U.S.C. §522(d)(1) because as of the time of the filing of the case Law 195 had not been enacted and no deed claiming homestead had been signed by debtor and his ex-spouse, situation which exists to this day. Defendant has no claim to homestead pursuant to Law 195 because to date she has not complied with the requirements of said statute.

d) **In what capacity the Trustee is stepping into the shoes of the creditors in liquidating the San Sebastian property of the estate**: This argument has been rendered moot when trustee eliminated claims 2-1 and 5-1 from the calculation of defendant's participation in proceeds of sale. In order to expedite the administration of the estate the Trustee will no longer enforce claims 2-1 and 5-1 as a bona fide purchaser or judicial lien creditor against defendant pursuant to 11 U.S.C. §544.

3. Trustee respectfully requests that this Court take note of trustee's compliance with order and take note of the following facts which have been confirmed by trustee and her counsel:

**a)** Jose Virgilio Rodríguez Roque and Enilda Balaguer Mercado, from hereon referred to as "Buyers", have confirmed that they are ready to close the sale of the real property at 25 Justina Hernández St., San Sebastián, Puerto Rico ("Real Property") for the price of $75,000. Closing to occur once the Trustee can surrender keys and possession of real property to Buyers. Buyers have further confirmed that they will also pay the costs and expenses of sale including notary and realtor fees, thus, increasing benefit to the bankruptcy estate.

**b)** No other offer has been received by Trustee for the purchase of the real property.

**c)** To date Defendant, Luz María Pérez Velázquez, has failed to comply with order of the Court entered on August 30, 2017 directing her to vacate and surrender real property to

6

Trustee.

**d)** After the hearing held on June 5, 2019 undersigned counsel spoke via telephone conference with defendant, Luz Maria Perez Velazquez, who stated that she would not vacate the real property even if claims 2-1 and 5-1 are not deducted from her participation in the proceeds.

4. To date Ms. Pérez Valentín continues to occupy the property in detriment to herself and the bankruptcy estate as liens over the real property continue to increase, thus reducing the equity over the property and any benefit from the sale.

5. At hearing held on August 30, 2017 co-owner, Luz María Pérez Valentín, clearly stated that she did not oppose the sale of the real property. However, she continues to constructively impede the sale by failing to surrender the same to Trustee, despite orders of this Court. See docket no. 117.

6. Trustee respectfully requests that this Honorable Court take note of Trustee's compliance with orders and direct Luz María Pérez Valentín to immediately surrender real property to Trustee and enter order directing the office of the U.S. Marshalls to remove Perez Valentín from Real Property and grant Trustee access so that she may take possession, administer and complete sale for the benefit of the estate.

**WHEREFORE,** it is respectfully requested that this Honorable Court grant this motion and enter order:

a) Directing Luz María Pérez Velázquez to immediately surrender real property to Trustee and issue order and writ directing the office of the U.S. Marshalls to remove Pérez Valentín from Real Property and grant Trustee access to asset so that she may take possession, administer and complete sale of real property; and

b) Enter any additional relief as this Court may deem just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 6th day of September 2019.

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date I electronically filed the above document with the Clerk of the Court using the CM/ECF System which sends a notification of such filing to all parties in this case registered for receipt of notice by electronic mail including the US Trustee at ustregion21.hr.ecf@usdoj.gov and by depositing true and exact copies thereof in the US regular mail, to all other parties included in master address list and Defendant, Luz Maria Perez Velazquez at 25 Justina Hernandez Street, San Sebastian, PR 00685-1761.

**LANDRAU RIVERA & ASSOC.**
Counsel for Trustee
PO Box 270219
San Juan, PR 0927-0219
Tel. (787) 774-0224
Fax. (787) 793-1004

*s/ Noemi Landrau Rivera*
USDC-PR # 215510
nlandrau@landraulaw.com