## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 10-04037 MCF |
| JOSE PEREZ VALENTIN | CHAPTER 7 |
| Debtor | |
| NOREEN WISCOVITCH RENTAS | ADVERSARY PROC. NO.13-00057 (MCF) |
| Trustee - Plaintiff | |
| VS. | EVICTION FROM PROPERTY OF THE BANKURPTCY ESTATE |
| LUZ MARIA PEREZ VELAZQUEZ | |
| Defendant | |

### SETTLEMENT AGREEMENT FOR PAYMENT TO TRUSTEE AND TRANSFER OF ESTATE'S PARTICIPATION IN REAL PROPERTY

**TO THE HONORABLE MILDRED CABAN FLORES**
**CHIEF JUDGE, U.S. BANKRUPTCY COURT:**

**COMES NOW,** NOREEN WISCOVITCH-RENTAS, as duly appointed Chapter 7 Trustee, ("Trustee"), of the bankruptcy estate of José Pérez Valentín, ("Debtor"), and LUZ MARIA PEREZ VELAZQUEZ, ("Defendant"), (collectively Trustee and Buyer the "Parties"), through their respective counsel of record, who hereby respectfully state and request as follows:

### PRELIMINARY STATEMENT

The Parties in this case have entered the present Stipulation and covenant for the sale of Debtor's participation in certain real property and for the payment of the purchase price to Trustee.

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Stipulation under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the scope of 28 U.S.C. § 157(b)(2).

1

2. Venue of this proceeding and of the Stipulation is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

### BACKGROUND

3. On February 19, 2020, this Court entered judgment in favor of Trustee, directing Defendant to "surrender to the Plaintiff, Noreen Wiscovitch Rentas, the real property located at 25 Justina Hernandez Street, San Sebastian, PR, 00685, on or before March 20, 2020. See order at docket no. 99 and minutes of hearing at docket no. 104.

4. Real property of the bankruptcy estate, to be surrendered to Trustee is described in the Spanish language at the Property Registry as follows (from hereon referred to as "real property"):

> "URBANA: Solar tres (3) radicado en el Bo. Culebrinas del término municipal de San Sebastián, con un área superficial de novecientos ocho punto ocho mil seiscientos ocho metro cuadrados (908.8608 m.c.). En lindes al NORTE con remanente de la finca del cual se segrega; por el SUR con el solar dos (2); por el ESTE con la calle uno (1) de la comunidad; y por el OESTE en un (1) punto del solar dos (2) y remanente.
>
> Inscrita al Tomo 358, Folio 65, Finca número 18,909 de San Sebastián, Registro de la Propiedad de San Sebastián"

5. Upon Defendant's failure to surrender real property to Trustee and comply with judgment entered by this Court, on June 25, 2020, Plaintiff-Trustee filed a Motion requesting the eviction of Defendant from the real property. See docket no. 105.

6. On January 19, 2022, this Court held a hearing in which it granted Plaintiff's "Motion for Order of Eviction and Request for Additional Remedies" at docket no. 105. The motion was filed with a proposed order and writ for eviction. See docket no. 112.

7. On April 18 2022, this Court entered Order of Eviction directing the United States Marshals to execute the order and proceed with the eviction of Defendant, Luz María Pérez Velázquez, or the current occupant, from the real property. See docket no. 115.

8. Defendant has been personally notified by the United States Marshall's Office of the Order of Eviction entered by this Court on April 18, 2022, and has been given until August 30, 2022 to vacate the real property, or be removed from it, in order to transfer possession of the same to Plaintiff-Trustee.

9. The Parties have held good faith negotiations and have reached a Settlement Agreement for the sale of Debtor's participation in the Real Property in favor of Defendant and for payment to the Trustee, pursuant to the terms and conditions set forth herein.

## APPLICABLE LAW AND DISCUSSION

9. Rule 9019(a) of the Federal Rules of Bankruptcy Procedure provides that on motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement, after notice of all parties pursuant to F.R.B.P. 2002.

10. A court should consider five factors in striking the balance between the value of the compromise and the value of the claim:

(i) the probability of success in the litigation being compromised;
(ii) the difficulties, if any, to be encountered in the matter of collection;
(iii) the complexity of the litigation involved, and the expense, inconvenience and delay attending it; and,
(iv) the paramount interest of the creditors and a proper deference to their reasonable views in the premise.

See In re C.P. del Caribe, Inc., 140 B.R. 320, 325, (Bankr. D.P.R. 1992); In re Robotic Vision Sys., Inc., No. 04-14151-JMD, 2006 WL 929322, at *4 (B.A.P. 1st Cir. Apr. 11, 2006) (citing Jeremiah v. Richardson, 148 F.3d 17, 23 (1st Cir.1998)).

11. "The court's consideration of these factors should demonstrate whether the compromise is fair and equitable, and whether the claim the debtor is giving up is outweighed by

3

the advantage to the debtor's estate." In re Robotic Vision Sys., Inc., 2006 WL 929322, at *4.

12. The standard for approving a settlement, whether it is in the best interest of the estate, entails an examination of the settlement's terms with the litigation's probable cost and benefits. When an agreement provides tangible benefits to the estate in return for sacrifice of uncertain claims against a creditor, the bankruptcy court does not err in approving the settlement. In re Bond, 16 F.3d 408, 30 C.B.C.2d 784 (4th Cir. 1994).

13. The entering into a settlement agreement under Rule 9019 must be accorded some deference by the courts. See In re Healthco Int'l, Inc., 136 F.3d 45, 54 at fn. 5 (1st Cir. 1998) (quoting In re Moorhead Corp., 208 B.R. 87, 89 (B.A.P. 1st Cir. 1997) ("the [bankruptcy] judge…is not to substitute her judgment for that of the trustee [debtor-in-possession], and the trustee's judgment is to be accorded some deference."). Furthermore, "[c]ompromises are favored in bankruptcy." 10 Lawrence P. King, Collier on Bankruptcy ¶ 9019.01, at 9019–2 (16th ed. 2015).

14. Plaintiff, Chapter 7 Trustee, and Defendant deem that settlement of this matter is fair and equitable and agree to forever settle all issues in relation to the matter herein. Trustee understands that the approval of this Stipulation is in the best interest of the estate given the current value of the real property, the nature of the interest of the bankruptcy estate over the Real Property, and the benefit to the bankruptcy estate from the funds to be received.

15. The Parties therefore freely and voluntarily enter into the following Settlement Agreement, and agree to the entry of final order of this Court pursuant to the following:

**TERMS AND CONDITIONS**

a) Trustee agrees to sell and transfer in favor of Defendant, the bankruptcy estate's interest in the real property. At the time of the filing of this agreement Trustee has

received from Defendant the amount of FORTY THOUSAND DOLLARS ($40,000.00) ("Purchase Price"). This amount is paid to Trustee in consideration of Debtor's participation over the real property and the transfer of the same in favor of Defendant. The Purchase Price constitutes the net benefit to the estate and has been agreed in consideration of current value of the real property and the estate's participation over the real property. Defendant will also pay all realtor and notary fees related to the transfer of the real property in her favor, including all notarial costs, fees, stamps and vouchers to be paid to the Property Registry for the presentation and inscription of the deed at the Registry. The notary public to execute the deed of transfer shall be chosen by the Trustee. Defendant therefore releases Trustee from any obligation for payment of real estate broker fees, notary fees and all costs and expenses, related to the execution of the deed of transfer in her favor and its presentation and inscription at the Property Registry, all such fees, costs and expenses are assumed by Defendant and will be paid directly by her.

b) Upon final entry of order approving this agreement and in consideration of the payment of the Purchase Price, the Parties will execute deed for the transfer of the estate's participation in the Real Property "as is" and "where is" without warranty of any kind. Defendant releases Trustee, the bankruptcy estate and the professionals hired by the Trustee, from any responsibility for the inscription of the participation and the deed of sale at the Property Registry, including but without limitation to the documents and/or deeds required by the Property Registry, which costs the Defendant assumes in full.

c) Defendant assumes payment of any and all existing liens over the real property as of the time of the execution of this agreement, and forever releases Trustee and the bankruptcy estate from the responsibility or obligation of payment of mortgages, liens, tax liens, property taxes, or any other encumbrance which may exist over the real property as of the time of the execution of this agreement.

d) Title study included with this stipulation as Exhibit A shows that as of the time of the signing of this agreement real property is encumbered with one mortgage lien in favor of Banco Popular de Puerto Rico. Defendant assumes all obligations, responsibilities and costs for the payment and cancellation of the aforementioned mortgage at the Property Registry.

e) Upon full payment of Purchase Price and within thirty (30) days after the approval of this agreement, the Parties will execute the deed of sale for the transfer of Debtor's participation in the real property in favor of Defendant, with Defendant to assume all fees and costs of transfer and inscription at the Property Registry.

f) The Defendant, on behalf of herself and her successors, and intending to legally bind its agents, representatives, successors, heirs and assigns, hereby irrevocably and unconditionally shall release, indemnify and forever hold harmless the Trustee, the bankruptcy estate and the professionals working for the Trustee in the case, of any damages suffered by Defendant, its guests or any of third party in or around the real property, including any causes of action, judgments, executions, suits, debts, claims, demands, liabilities, obligations, damages and expenses of any and every character, known or unknown, direct and/or indirect, at law or in

equity, of whatsoever kind or nature, whether heretofore or hereafter arising prior to and including the date of execution hereof, and in any way directly and indirectly arising out of or in any way connected to the real property, the allegations in the captioned adversary proceeding and main bankruptcy case number 10-04037, facts asserted, or claims related to assets in the captioned bankruptcy case.

i) The Defendant acknowledges that with the signing of this Settlement Agreement there are no further outstanding claims against the Trustee, the bankruptcy estate, its agents, attorneys or representatives and unconditionally and irrevocably releases, remises, acquits and forever discharges the Trustee, the bankruptcy estate, attorney for Trustee and the United States Trustee, from any and all actions and causes of action, judgments, executions, suits, debts, liens, claims, demands, liabilities, obligations, damages and expenses of any and every character, direct and/or indirect, at law or in equity, of whatsoever kind or nature, for or because of any manner or things done, omitted or suffered to be done by Trustee, her agents or representatives in the captioned case.

j) By this Settlement Agreement, each of the Parties submit to the jurisdiction of the United States Bankruptcy Court for the District of Puerto Rico for any action to enforce or interpret this Agreement and/or collect any amount agreed herein. This Settlement Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Puerto Rico as to all matters.

k) This Stipulation constitutes the entire Settlement Agreement with respect to the subject matter addressed herein and supersedes any prior written and/or verbal

7

agreements between the Parties. This Settlement Agreement may not be orally modified and may only be modified in writing signed by all the Parties.

16. The terms of this Settlement Agreement will be binding and the order approving the same will have *res judicata* effect upon any conversion of this proceeding, dismissal, and upon any future petition in Bankruptcy filed by the Buyer.

17. The Parties hereby represent and warrant that they are authorized and empowered to appear and execute this Settlement Agreement, and that the same does not contravene any law, rule, regulation, order, writ, judgment, injunction, decree, determination or any contractual restriction binding on or affecting such party, or result in, or require, the creation or imposition of any mortgage, deed of trust, pledge, lien, security interest or other charge, encumbrance or preferential arrangement of any nature upon or with respect to any of the properties now owned or hereafter acquired by such party.

18. This Settlement Agreement shall not be modified, altered, amended, or vacated without the prior written consent of all Parties hereto. Any such modification, alteration, amendment or vacation, in whole or part, shall be subject to the approval of the Bankruptcy Court. No statement made, or action taken in the negotiation of this Settlement Agreement may be used by any party for any purpose whatsoever.

19. The Parties acknowledge that they have thoroughly reviewed this Settlement Agreement and that they execute the same voluntarily and with full understanding of its contents, and that the terms herein have been fully and unconditionally consented to by each of them, and that the Parties had the full benefit and advice of counsel of their own selection, or the opportunity to obtain the benefit and advice of counsel of her own selection, in regards to understanding the terms, meaning and effect of this Agreement and that it has been entered into

by each of the Parties freely, voluntarily, with full knowledge of its consequences, and without duress, and that in executing this Settlement Agreement, the Parties are relying on no other representations either written or oral, express or implied, made to the Parties, and that the mutual consideration received by the appearing Parties is found to be actual, adequate, fair and equitable.

20. Trustee hereby submits that this Settlement Agreement satisfies the "sound business reason test" and is a proper exercise of the Trustee's business judgment. This agreement is in the best interest of the bankruptcy estate, given the value of the real property, nature of the estate's interest over the Real Property and benefit received net to the bankruptcy estate. The terms of this Agreement are beneficial to the bankruptcy estate as it will expedite the administration of assets of the bankruptcy estate for the benefit of creditors and all other parties in interest. In re Bond, 16 F.3d 408, 30 C.B.C.2d 784 (4th Cir. 1994); Comm. Of Equity Security Holders v. The Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063 (2nd Cir. 1983).

21. Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, it is respectfully requested from this Honorable Court that, should no objection to this agreement be filed within twenty-one (21) days from notice of the same, an Order approving all the terms and conditions as above stated be entered.

**WHEREFORE,** it is respectfully requested that the foregoing Settlement Agreement above be approved pursuant to the terms and conditions set forth herein.

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico, this 30th day of August, 2022.

**NOTICE PURSUANT TO F.R.B.P. 2002(a)(3)**

Within twenty-one (21) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

## CERTIFICATE OF SERVICE

**COUNSEL FOR TRUSTEE HEREBY CERTIFIES**: That Notice of this Settlement Agreement has been electronically provided by the CM/ECF system to all parties-in-interest, including all creditors. I further certify that the foregoing document has been served to the US Trustee at ustregion21.hr.ecf@usdoj.gov, to their address of record and will deposit exact copies thereof in the US regular mail to all other interested parties as per the master address list.

**MIRIAM LOZADA, ESQ.**
Counsel for Defendant
Urb. Paseo Los Robles
3020 Jose Monge
Mayaguez, PR 00682
Tel. (787) 834-3004

s/ Miriam Lozada, Esq.
USDC PR No. 208403
miriamlozada@gmail.com

**LANDRAU RIVERA & ASSOC**.
Attorneys for Plaintiff – Trustee
PO Box 270219
San Juan, PR 00928
Tel (787) 774-0224 / (787) 273-7949

/s/ Noemi Landrau Rivera
 USDC PR No. 215510
nlandrau@landraulaw.com

Affidavit No. _29,571_

Understood, approved, and consented by Luz María Perez Velazquez, of legal age, single, owner and resident at San Sebastián, Puerto Rico, identified via _personally know_ by this notary public. In _San Sebaslan_ Puerto Rico this _17_ day of August 2022.



Luz María Pérez Velázquez

10

Label Matrix for local noticing
0104-3
Case 10-04037-MCF7
District of Puerto Rico
Old San Juan
Tue Mar 21 12:51:43 AST 2017

BANCO POPULAR PR
MARTINEZ & TORRES LAW OFFICES PSC
PO BOX 192938
SAN JUAN, PR 00919-3409

BANCO POPULAR
CARD PRODUCTS DIVISION(643)
PO BOX 70100
SAN JUAN, PR 00936-8100

BANCO POPULAR DE PUERTO RICO
BANKRUPTCY DEPARTMENT
PO BOX 366818
SAN JUAN PR 00936-6818

COOPERATIVA PEPINIANA
DIVISION DE COBRO
PO BOX 572
SAN SEBASTIAN, PR 00685-0572

FIRSTBANK OF PUERTO RICO
BANKRUPTCY DIVISION
P.O. BOX 9146
SAN JUAN, P.R. 00908-0146

LCDO GILBERTO FIGUEROA MERCED
110 EDUARDO RIERA ESQ. CRISTY
PO BOX 1321
MAYAGUEZ, PR 00681-1321

SEARS CREDIT CARDS
PO BOX 193081
COLUMBUS, OH 43218-3081

JOSE R PEREZ VALENTIN
HC 06 BOX 17598
SAN SEBASTIAN, PR 00685-9878

NOREEN WISCOVITCH RENTAS
PMB 136
400 CALAF STREET
SAN JUAN, PR 00918-1314

BANCO POPULAR PR
PO BOX 366818
SAN JUAN, PR 00936-6818

BANCO POPULAR PR/FANNIE MAE
MARTINEZ & TORRES LAW OFFICES PSC
PO BOX 192938
SAN JUAN, PR 00919-3409

BANCO POPULAR DE PUERTO RICO
AS A SERVICING AGENT OF FANNIE MAE
MARTINEZ & TORRES LAW OFFICES, P.S.C.
PO BOX 192938
SAN JUAN, PR 00919-3409

BANCO SANTANDER
DIVISION TARJETAS DE CREDITO 917
PO BOX 362589
SAN JUAN, PR 00936-2589

FIA CARD SERVICES
PO BOX 15019
WILMINGTON, DE 19886-5019

Fia Card Services, NA/Bank of America
by American Infosource Lp As Its Agent
PO Box 248809
Oklahoma City, OK 73124-8809

LUIS A. GUERRA VALENTIN
975 AVE EMERITO ESTRADA RIVERA
SAN SEBASTIAN, PR 00685-3012

WESTERNBANK
PO BOX 430
MAYAGUEZ, PR 00681-0430

LUZ M PEREZ VELAZQUEZ
COM GONZALEZ
CALLE J HDEZ 25
SAN SEBASTIAN, PR 00685

BANCO POPULAR PR
PO BOX 70100
SAN JUAN, PR 00936-8100

US Bankruptcy Court District of P.R.
Jose V Toledo Fed Bldg & US Courthouse
300 Recinto Sur Street, Room 109
San Juan, PR 00901-1964

BANCO POPULAR DE PUERTO RICO
AS PURCHASING AGENT
MORTGAGE BANKRUPTCY UNIT
PO BOX 1450
MAYAGUEZ PR 00681-1450

CITI
PO BOX 6077
SIOUX FALLS, SD 57117-6077

FIRST BANK
1519 PONCE DE LEON AVE; STOP23
PO BOX 9146
SAN JUAN, PR 00908-0146

GILBERTO FIGUEROA MERCED
PO BOX 1321
MAYAGUEZ, PR 00681-1321

LUZ MARIA PEREZ VELAZQUEZ
25 JUSTINA HERNANDEZ STREET
SAN SEBASTIAN, PR 00685-1761

JOSE J MEDINA MENDEZ
BUFETE MEDINA & MEDINA, CSP
PO BOX 250268
AGUADILLA, PR 00604-0268

MONSITA LECAROZ ARRIBAS
OFFICE OF THE US TRUSTEE (UST)
OCHOA BUILDING
500 TANCA STREET SUITE 301
SAN JUAN, PR 00901

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)JOSE R. PEREZ

End of Label Matrix
Mailable recipients 27
Bypassed recipients 1
Total 28